**UNITED STATES of America**

v.

**Lorenzo Grode MARTIN**

Case No. 1:00–CR–226

United States District Court,
E.D. Virginia,
**Alexandria Division.**

Signed March 16, 2016

William N. Hammerstrom, Jr., United States Attorney's Office, Alexandria, VA, for United States of America.

Lorenzo Grode Martin, Jonesville, VA, pro se.

Mark John Petrovich, Petrovich & Walsh PLC, Fairfax, VA, for Lorenzo Grode Martin.

## *ORDER*

T.S. Ellis, III, United States District Judge

Fifteen years ago, movant in this matter was convicted of two serious drug offenses and sentenced to life imprisonment, despite a Criminal History departure. Thereafter, movant sought, on two separate occasions in 2008 and 2012, a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Movant's first effort resulted in a two level decrease in his guideline range, but no sentence reduction as the amended range still began at life imprisonment. Movant's second effort succeeded, as a subsequent retroactive amendment further reduced the bottom of movant's guideline range to 360 months, and accordingly, movant's sentence was reduced to 360 months. Now, movant seeks a third § 3582(c)(2) reduction in sentence on the ground that the United States Sentencing Commission (the "Sentencing Commission") has given retroactive effect to United States Sentencing Guidelines ("USSG") Amendment 782, which reduces all drug offenses by two levels.

Movant's motion presents two questions: (i) whether movant's new guideline range should be based on his originally calculated criminal history category or on the criminal history category applied after a downward departure was granted in the original sentencing proceeding, and (ii) whether, in any event, a reduction in movant's sentence is appropriate pursuant to 18 U.S.C. § 3553(a).

## I.

On November 20, 2000, movant was convicted of (i) conspiracy to possess with

intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and (ii) aiding and abetting another in the possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On February 9, 2001, movant was sentenced on both counts concurrently, after a departure from a Criminal History III to Criminal History II, to life imprisonment. The original guidelines findings were as follows:

| Drug quantity (1.5 kilograms or more of crack cocaine) | 38 |
|---|---|
| Dangerous weapon possessed | +2 |
| Role in the Offense Adjustment (3B1.1(b) – 3 level increase for role; 3B1.4 – 2 level increase for use of minor) | +5 |
| Offense Level Total (Presentence Report) | 45 |
| Criminal History Category (Departure from Criminal History III) | II |
| Guideline Range | Life |
| Sentenced Imposed | Life |

On December 3, 2008, movant filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 on the ground that USSG Amendment 9 retroactively lowered the guideline range for his crack cocaine offenses. Although USSG Amendment 9 reduced movant's overall USSG range from 45 to 43, it did not result in a USSG range lower than life imprisonment for movant. Accordingly, an Order issued reducing movant's guideline range from 45 to 43, but denying movant's request to lower his then existing sentence of life imprisonment because, pursuant to § 3582(c)(2), a sentence may not be reduced lower than the applicable guideline range. *United States v. Martin*, No. 1:00–CR–226 (June 2, 2009) (Order) (Doc. 185). Movant appealed the Order denying a sentence reduction, and the Fourth Circuit affirmed the denial. *United States v. Martin*, 363 Fed.Appx. 229 (4th Cir.2010).

On September 24, 2012, movant filed a second § 3582(c)(2) motion seeking a reduction in sentence on the ground that USSG Amendment 750 retroactively lowered the guideline range for his crack cocaine offenses. Thereafter, on November 14, 2012, the government filed a response in support of a two level guidelines reduction, from level 43 to 41, resulting in a guideline range of 360 months to life. Accordingly, on November 28, 2012, an Order issued reducing movant's sentence from life to 360 months. *United States v. Martin*, No. 1:00–CR–226 (November 28, 2012) (Order) (Doc. 201).

On June 29, 2015, movant filed the instant § 3582(c)(2) motion—his third motion for a reduction in sentence—this one on the ground that USSG Amendment 782 lowered the guideline range for all drug offenses by two levels and was made retroactive by USSG Amendment 788. On July 2, 2015, an Order issued appointing the Office of the Federal Public Defender (FPD) to represent movant for purposes of determining whether movant qualified for a reduction in sentence. *United States v. Martin*, No. 1:00–CR–226 (July 2, 2015) (Doc. 212). Thereafter, on January 20, 2016, movant informed the FPD by mail that he had elected to proceed *pro se* and

requested that the FPD not file any additional motions or supplements on movant's behalf with respect to his pending § 3582(c)(2) motion.

## II.

When the Sentencing Commission makes an amendment retroactive, a court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As the Supreme Court has made clear, "[t]he relevant policy statement, U.S.S.G. § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended [USSG] range while 'leav[ing] all other guideline application decisions unaffected.'" *Dillon v. United States,* 560 U.S. 817, 821, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). Importantly, the Supreme Court has further elucidated that "§ 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'" *Id.* at 822, 130 S.Ct. 2683. In making a § 3582(c)(2) determination, the Supreme Court has instructed district courts to adhere to the following "two-step approach":

> At step one, § 3582(c)(2) requires the court to follow the Commission's instruction in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such a determination, the court shall substitute only the amendments listed in subsection (c)

for the corresponding guideline application decisions unaffected." *Ibid.*

. . .

> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Id.* at 827–28, 130 S.Ct. 2683.

Importantly, USSG § 1B1.10 Commentary Application Note 1(a) states that when assessing a possible § 3582(c)(2) reduction, "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1.(a) . . . is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A). Thus, as the government correctly contends, although movant is technically eligible for a reduction in his term of imprisonment as a result of the amended guideline range for narcotics offenses, the reduction is limited because movant received a Criminal History departure at the time of his original sentencing from level III to level II and this departure cannot be taken into account when assessing whether a § 3582(c)(2) reduction is appropriate here. Accordingly, as the government correctly contends, movant's § 3582(c)(2) motion must be calculated on the basis of a Criminal History III.

## III.

Analysis properly begins by determining the amended guideline range that would have been applicable to movant had Amendment 782 been in effect when movant's original sentence was imposed. As the government correctly notes, the amended guideline range calculation is as follows:

| | |
|---|---|
| Drug quantity (1.5 kilograms or more of crack cocaine) | 32 |
| Dangerous weapon possessed | +2 |
| Role in the Offense Adjustment (3B1.1(b) – 3 level increase for role; 3B1.4 – 2 level increase for use of minor) | +5 |
| Offense Level Total (Presentence Report) | 39 |
| Criminal History Category | III |
| Guideline Range | 324 to 405 months |
| Sentenced Imposed (following previous § 3582(c) reduction) | 360 months |

Thus, pursuant to Amendment 782, the applicable guideline range is 324 to 405 months, and movant's current sentence of 360 months falls within this range.

Analysis next properly considers whether it is appropriate to reduce movant's sentence within the amended guideline range. In this regard, it is appropriate to consider the factors set forth in 18 U.S.C. § 3553(a), which were also considered when the original sentence was imposed, to determine whether movant's sentence should be reduced and, if so, by how much. In assessing the § 3553(a) factors on a § 3582(c)(2) motion, a court "may consider post-sentencing conduct of the movant that occurred after imposition of the term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1(B)(iii).

Here, movant's post-sentencing conduct points convincingly to the conclusion that a reduction in the sentence lower than 360 months is inappropriate. Specifically, while serving his sentence at the United States Penitentiary in Lee County Virginia, movant and a fellow inmate, Reginald Falice, participated in a conspiracy to harm the creditworthiness and reputations of the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit, as well as Judges King, Williams, and Hamilton. The government filed a complaint seeking an injunction, among other things, alleging that movant and Falice knowingly filed false financial statements with the Virginia State Corporation Commission claiming they were "secured parties" who were owed eight million and one-hundred million dollars by the Clerk and the judges. *See United States v. Martin*, 356 F.Supp.2d 621, 623 (2005). Thereafter, the government filed for summary judgment, and defendants moved to dismiss for lack of jurisdiction. The district court found that the representation that movant and Falice were secured parties had no basis in fact and accordingly (i) denied defendants' motion to dismiss, (ii) granted the government's motion for summary judgment, and (iii) issued an injunction enjoining defendants from filing any financing statements with the Virginia State Corporation Commission or any other lien with a public agency without prior approval of the court. *Id.* at 626–629. In reaching this conclusion, the district court noted that "the liens of the defendants can only be viewed as an attempt, through intimidation and harassment, at preventing federal officials from performing their official duties, a purpose that is squarely against the public interest." *Id.* at 628. Thereafter, movant violated the injunction, and accordingly, was convicted of criminal contempt pursuant to 18 U.S.C. § 401(3). Movant appealed and the Fourth Circuit affirmed that conviction. *United States v.*

*Martin,* 145 Fed.Appx. 840, 841 (4th Cir. 2005).

In addition to the criminal contempt conviction, movant's post-sentence disciplinary record while incarcerated bolsters the conclusion that a reduction in sentence is not warranted here. According to movant's "Inmate Discipline Data—Chronological Disciplinary Record," in 2008, movant was found to have committed the following offenses: "Assaulting with Serious Injury" and "Possessing a Dangerous Weapon." Thus, in light of movant's post-sentence conduct, a § 3582(c)(2) reduction is not appropriate here.

Moreover, movant's significant role in the underlying crime confirms the result reached here. In this regard, a few facts deserve emphasis, namely (i) movant played a managerial role in the commission of the underlying crime, which involved five or more people, (ii) a significant amount of crack cocaine—1.5 to 5 kilograms—was attributable to movant, and (iii) movant employed a fifteen-year-old minor to assist him in committing the crime, and movant's relationship with this individual spanned over a decade.

In sum, pursuant to Amendment 782, the applicable guideline range for movant's sentence is 324 to 403 months, and a reduction in movant's 360 month sentence, which falls within the applicable range, is inappropriate here in light of the § 3553(a) factors, movant's post-sentence conduct, and movant's significant role in the underlying crime.

## IV.

Accordingly, for good cause, and for the reasons stated here,

It is hereby **ORDERED** that movant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED.**

The Clerk is directed to send a copy of this Order to movant and all counsel of record.